**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Richmond Division)

| | |
|---|---|
| WESTROCK CP, LLC,<br>a Delaware limited liability company,<br><br>      Plaintiff,<br><br>      v.<br><br>VALLEY INTERNATIONAL COLD<br>STORAGE, LLC,<br>a Texas limited liability company,<br><br>      Defendant. | Civil Action No. 3:23cv00432 |

## COMPLAINT

Plaintiff WestRock CP, LLC ("**WestRock**" or "**Plaintiff**") brings this action against Valley International Cold Storage, LLC ("**Valley International**" and "**Defendant**"), by counsel, to recover for breach of contract and claims on an open account in connection with Valley International's purchase of packaging materials from WestRock.

## Parties

1.      Plaintiff WestRock CP, LLC is a Delaware limited liability company with its principal place of business in Georgia. Its sole member is an entity that is a Georgia limited liability company with its principal place of business in Georgia and with a sole member that is a Delaware corporation.

2.      Defendant Valley International Cold Storage, LLC is Texas limited liability company located in Harlingen, Texas.  Upon information and belief, the members of Valley International Cold Storage are either residents of the states of Texas or Florida.

3.      The members of WestRock and the members of Valley International are citizens of different states.

**Jurisdiction and Venue**

4.      There is diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and because the parties are citizens of different states as alleged herein.

5.      Venue is proper in this Court and Valley International is subject to personal jurisdiction in the Commonwealth of Virginia because it has consented to both by contract, as detailed *infra*.

**Facts**

6.      On or about December 17, 2020, Defendant applied for a credit account for goods and services sold by WestRock ("**Credit Application**"), a copy of which is attached as **Exhibit A** (with redaction of certain financial information) and incorporated herein by reference.

7.      The Credit Application incorporated WestRock's applicable General Terms and Conditions of Sale ("**Terms of Sale**"), a copy of which is attached hereto as **Exhibit B**. The Terms of Sale applied to all transactions between WestRock[1] and Valley International are described herein.

8.      Among the Terms of Sale and as a material consideration for its purchase of Plaintiff's goods and services, Defendant acknowledged and agreed to pay WestRock the invoiced price for goods and services delivered to Defendant by Plaintiff.

9.      In the event the delivered goods were not rejected within ten (10) days of delivery, they were automatically deemed accepted. Ex. B at § 4. No such notice of rejection was ever received for the transactions detailed *infra*.

---

[1]      The terms "shall apply to any contract . . . by WestRock Company or any direct and indirect subsidiaries, joint ventures and/or any other affiliated entities of WestRock Company."

10.    Valley International was required to pay WestRock for goods and services within thirty (30) days from the date of shipment.  Ex. B at § 5.

11.    The failure to timely pay invoices as they became due is an event of default. Ex. B at § 7(a).

12.    In the event of a default or breach, WestRock is entitled to all of its reasonable costs and attorneys' fees incurred in remedying the breach. Ex. B at § 5; Ex. A.

13.    WestRock may charge interest, at the highest permissible interest rate allowed under applicable law to pay interest at the highest permissible rate under law on all past due accounts, notes, or judgment.  Ex. A, Ex. B at § 5.

14.    The Terms of Sale require that "any controversy, claim or dispute arising out of or relating to these Seller's Terms and Conditions or any Contract may, at Seller's exclusive option, be … be subject to resolution by litigation in either the state or federal court with jurisdiction in the City of Richmond, Virginia or Cobb County, Georgia."  Ex. B at § 15.

15.    Valley International "agrees, without challenge, to submit to the jurisdiction and venue of such courts." Ex. B at § 15.

16.    Between February 24, 2022 and May 18, 2022, Valley International has failed to pay nine (9) invoices from WestRock ("**Unpaid WestRock Invoices**"), a copy of which is attached hereto as **Exhibit C**.  .

17.    These invoices arose from goods manufactured by WestRock's Mesquite and Fort Worth locations, which are located at 700 North Sam Houston Road, Mesquite, TX 75149 and 6701 South Freeway, Fort Worth, TX 76134, respectively.

18.    Below is a summary of the invoices:

| Invoice Number | Invoice Date | Amount Due | Due Date |
|---|---|---|---|
| 4188038977 | 2/24/2022 | $21,487.04 | 3/26/2022 |
| 4322127798 | 3/9/2022 | $10,947.73 | 4/8/2022 |
| 4188039557 | 3/14/2022 | $17,323.52 | 4/13/2022 |
| 4188040394 | 4/6/2022 | $28,062.72 | 5/6/2022 |
| 4188040753 | 4/15/2022 | $20,340.00 | 5/15/2022 |
| 4188041034 | 4/25/2022 | $18,306.00 | 5/25/2022 |
| 4188041205 | 4/28/2022 | $18,968.23 | 5/28/2022 |
| 4322130866 | 5/16/2022 | $12,289.71 | 6/15/2022 |
| 4188041894 | 5/18/2022 | $18,984.00 | 6/17/2022 |
| | **Total:** | $166,708.95 | |

19.     The Unpaid WestRock Invoices, which all relate to goods manufactured and delivered by WestRock and accepted by Valley International, total $166,708.95 in principal and $13,686.85 in accrued interest as of July 12, 2023.  Interest continues to accrue at $31.97 per diem.

### Count I: Breach of Contract

20.     WestRock incorporates the preceding paragraphs as if stated herein.

21.     In signing the Credit Application, Defendant agreed to be bound by the Terms of Sale for all purchases made from WestRock.  Further, each invoice issued by WestRock to Valley International incorporated the Terms of Sale.

22.     The Credit Application and the Terms of Sale constitute a binding written contract between the parties pertaining to purchases made on account.

23.     Alternatively, each Unpaid Invoice was an oral agreement between the parties vis-à-vis the products purchased and their pricing, but the parties still remained bound by the Terms

of Sale with respect to those purchases.  Indeed, each invoice specifically incorporated the Terms of Sale.

24.    WestRock prepared and sold packing materials to Defendant and sent invoices for those goods and services sold between February 24, 2022 and May 18, 2022.

25.    Pursuant to the Terms of Sale, payment was due from Defendant to WestRock within thirty (30) days of delivery after which interest began accruing on all unpaid amounts.

26.    Defendant's failure to pay invoices as they became due is a material breach of the parties' contract.

27.    As a result of Defendant's breach of contract, WestRock has been damaged insofar as the Unpaid WestRock Invoices remain unpaid.

28.    As reflected in the invoices, Defendant purchased and failed to pay for $166,708.95 of goods and services from Plaintiff, plus accruing interest.

29.    Accordingly, this Court should award WestRock damages in an amount to be determined at trial, but which is in excess of $166,708.95.

30.    This Court should award WestRock pre-judgment interest at the rate of seven percent per annum (7%) on each invoice that is overdue, which amounts totaled $13,686.85 as of July 12, 2023, and which interest continues to accrue at a rate of $31.97 per diem.

31.    In addition, this Court should award WestRock its attorneys' fees and costs pursuant to Section 5 of the Terms of Sale, which allows for the recovery of the same for collections of overdue amounts. Further, by signing the Credit Application, Defendant "agree[d] to pay all reasonable costs, collections fees, attorneys' fees and expenses incurred by WestRock if [Defendant] fails to pay all obligations and indebtedness when due."

## **Count II: Quantum Meruit**

32.     WestRock incorporates the preceding paragraphs as if stated herein.

33.     The foregoing count is pled in the alternative to Count I — Breach of Contract.

34.     WestRock conferred a benefit upon Defendant through the delivery of goods.

35.     Defendant accepted these deliveries and was, therefore, aware of the benefit of the goods. Further, as evidenced by the communications between the parties, Defendant had a reasonable expectation to repay the benefit and, indeed, had irregularly made such repayments.

36.     Defendant has retained the possession of goods delivered by Plaintiff valued at $166,708.95 without paying for their value.

37.     This Court should also award WestRock pre-judgment interest at the rate of seven percent per annum (7%) on each invoice that is overdue, which amounts totaled $13,686.85 as of July 12, 2023, and which interest continues to accrue at a rate of $31.97 per diem.

## **Count III: Claim on Open Account**

38.     WestRock incorporates the preceding paragraphs as if stated herein.

39.     At all material times, Defendant held an open account with WestRock pursuant to the Credit Agreement.

40.     Between February 24, 2022 and May 18, 2022, Defendant incurred a series of debts for goods and services provided to Defendant on its account with WestRock in the total amount of $166,708.95, which amount remains outstanding and unpaid.

41.     The amount due and owing on Defendant's account is in the principal amount of $166,708.95, plus accruing pre-judgment and post-judgment interest on such judgment until paid.

42.    This Court should award WestRock pre-judgment interest at the rate of seven percent per annum (7%) on each invoice that is overdue, which amounts totaled $13,686.85 as of July 12 , 2023, and which interest continues to accrue at a rate of $31.97 per diem.

43.    In addition, Plaintiff is entitled to a judgment against Defendant for damages to which Defendant agreed under the Credit Agreement, which include Plaintiff's reasonable costs, collections fees, attorneys' fees, and expenses, which shall continue to accrue until all sums owing by Defendant are paid, plus pre-judgment and post-judgment interest on such judgment until paid.

## Count IV: Account Stated

44.    WestRock incorporates the preceding paragraphs as if stated herein.

45.    Defendant purchased parts and supplies from WestRock and agreed to pay for the materials based on the amounts set forth in the invoices issued by WestRock. Defendant received the invoices and did not object to the amounts listed on them.

46.    WestRock has made demand on Defendant and provided an accounting of the unpaid amounts due and owing on its account in the amount of $166,708.95.  Defendant has not raised an objection to WestRock's accounting or otherwise challenged the amounts owing on its account.

47.    Being so indebted to WestRock, and having agreed to pay the balance due as set forth therein, an account was stated between Plaintiff and Defendant.

48.    Based on Defendant's failure to pay on its account stated, Plaintiff is entitled to a judgment against defendant in the principal amount of $166,708.95.

49.    In addition, WestRock is entitled to a judgment against Defendant for damages to which Defendant agreed under the Credit Agreement, which include Plaintiff's reasonable costs,

collections fees, attorneys' fees, and expenses, which shall continue to accrue until all sums owing by Defendant are paid, plus post-judgment interest on such judgment until paid.

WHEREFORE, this Court should enter judgment in favor of Plaintiff WestRock CP, LLC and against Defendant Valley International Cold Storage, LLC as follows; and

a.    Award damages in an amount no less than $166,708.95;

b.    Award WestRock pre-judgment interest at the rate of seven percent per annum (7%) on each invoice that is overdue, which amounts totaled $13,686.85 as of July 12, 2023, and which interest continues to accrue at a rate of $31.97 per diem;

c.    Award WestRock its attorney's fees and costs incurred herein pursuant to the parties' contract;

d.    Award post-judgment interest at the contractual rate; and

e.    Award such other relief as the Court deems necessary and proper.

Dated: July 6, 2023                    WESTROCK CP, LLC

                                       /s/ Stephen M. Faraci, Sr.
                                       Stephen M. Faraci, Sr., Esquire (VSB #42748)
                                       WHITEFORD, TAYLOR & PRESTON, LLP
                                       1021 E. Cary Street, Suite 1700
                                       Richmond, Virginia 23219
                                       Telephone:    (804) 977-3307
                                       Facsimile:    (804) 977-3298
                                       E-Mail:       sfaraci@ whitefordlaw.com

                                       Peter N.Y. Zuk (VSB No. 92627)
                                       Whiteford, Taylor & Preston, L.L.P.
                                       3190 Fairview Park Drive, Suite 800
                                       Falls Church, Virginia 22042
                                       Telephone: (703) 652-1035
                                       Facsimile: (703) 259-6526
                                       E-mail: pzuk@whitefordlaw.com

                                       *Counsel for Plaintiff WestRock CP, LLC*